Mattern & Sheridan, Dayton, for plaintiff in error.

Jacobson & Durst, Dayton, for defendant in error.

## PRUDENTIAL INS CO v GRIESHOP

Ohio Appeals, 2nd Dist, Montgomery Co

No 1300.   Decided Jan 15, 1935

## OPINION

By BARNES, J.

There does not seem to be any serious dispute as to the law involved, but rather as to its application. In the final analysis the sole and only question is whether or not the finding and judgment of the trial court was contrary to the manifest weight of the evidence.

An examination of the record discloses that the evidence relating to the decedent's occupation is very meager. Counsel for claimant introduced no evidence whatever on the subject, but relied entirely upon the presumption of the truthfulness of all statements in the application until the contrary was shown, and now urges that the insurance company has failed to prove the false representations of decedent.

The burden of proof is upon the insurance company to show the fact of misrepresentation as claimed under its affirmative defense.

The trial court determined that the evidence failed to establish a wilful misrepresentation of a material fact in the signed application. After a careful reading of the evidence, we have no difficulty in agreeing with the conclusions.

In fact, we think the trial court in his general statement of facts went too far when he said that the evidence established that the insured at the time he signed the application was entered in a stock car race scheduled to take place within thirty days of the date of his application. We find no evidence, either directly or inferentially, supporting this finding.

The pleadings and record does show that decedent lost his life while driving a stock car on racing track. Only one witness was

presented that had any personal knowledge that the decedent was ever engaged in stock car racing, and this witness limits his knowledge to two or three occasions in the year 1931. His evidence is furthermore somewhat indefinite in that he speaks of his activities as driver or mechanic. It is disclosed from other evidence that in the stock car races the mechanic does not ride in the car, but remains in the pit. We also have the evidence of this witness that to the best of his knowledge the decedent was never paid a cent for his racing. This witness did not know the decedent under the name of Grieshop, but knew him as Bob Hart. Another witness testified that Grieshop and Bob Hart was one and the same person. The evidence of these racing activities is too meager to establish an occupation, or prove affirmative averments of answer.

Sec 9391, GC, refers to false answers in application for insurance and provides when material. This section reads as follows:

"Sec 9391 GC. When false answer material. No answer to any interrogatory made by an applicant, in his or her application for a policy, shall bar the right to recover upon any policy issued thereon, or to be used in evidence upon any trial to recover upon such policy, unless it be clearly proved that such answer is wilfully false, was fraudulently made, that it is material, and induced the company to issue the policy, and that but for such answer the policy would not have been issued; and, also that the agent or company had no knowledge of the falsity or fraud of such answer."

The language used is "unless it be clearly proved."

Evidence that the decedent on a few occasions drove a stock car in a dirt track race, and for which he received no compensation, would fall far short of establishing an occupation. The fact that the insurance company would not have issued the policy had it known of this activity, will not relieve it from liability, since the policy contained no provision against entering into a more hazardous business, such as is frequently found in policies of other companies. In the instant case the question is limited to the falsity of the answers and their materiality, as prescribed under §9391 GC.

We find no prejudicial error, therefore the judgment of the trial court will be affirmed.

Exceptions will be allowed to plaintiff in error.

HORNBECK, PJ, and KUNKLE, J, concur.